UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DENA RACHELLE FROST,<br>      Plaintiff, | ]<br>]<br>] |
| vs. | ]   2:11-CV-1336-LSC<br>] |
| MICHAEL J. ASTRUE,<br>Commissioner,<br>Social Security Administration,<br>      Defendant. | ]<br>]<br>]<br>] |

MEMORANDUM OF OPINION

I.     Introduction

The plaintiff, Dena Frost, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). Ms. Frost timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Frost was forty years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a college education. (Tr. at 27.) Her past work experiences include employment as a payroll clerk, an office assistant, and a secretary.

(Tr. at 15.)  Ms. Frost claims that she became disabled on January 1, 2004, due to scoliosis. (Tr. at 13.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. § 404.1520(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. § 404.1520(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a

determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. § 404.1520(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. Frost meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 13.) He further determined that Ms. Frost has not engaged in substantial gainful activity since the alleged onset of her disability. (*Id.*) According to the ALJ, Plaintiff's scoliosis is considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that this impairment neither meets nor medically equals any of the listed impairments in

Appendix 1, Subpart P, Regulations No. 4. (*Id.*) The ALJ did not find Ms. Frost's allegations to be totally credible, and he determined that she has the following residual functional capacity: she is able to lift or carry up to ten pounds; she is able to sit for about a total of six hours per eight-hour work day; she is able to stand or walk for at least a total of two hours per workday; she is able to occasionally climb stairs; she is able to occasionally stoop, kneel, and crawl; she should avoid concentrated exposure to heat, cold, and pulmonary irritants; she should avoid even moderate exposure to wetness exposure to wetness and vibration. (Tr. at 14.)

According to the ALJ, Ms. Frost is able to perform all of her past relevant work. (*Id.*) The ALJ found that Ms. Frost has the RFC to perform the full range of sedentary work as defined in 20 CFR § 404.1567(a). (*Id.*) The ALJ concluded his findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, from January 1, 2004 through the date of this decision." (*Id.* at 15.)

II.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See*

*Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.  Discussion

Ms. Frost alleges that the ALJ's decision should be reversed and remanded for two reasons. First, she believes that the ALJ failed to properly consider her treating physician's Physical Capacities Evaluation ("PCE") when he found that she was capable of performing the full range of sedentary work as defined in 20 C.F.R. § 404.1567. (Doc. 8 at 7.) Second, Plaintiff contends that, as a result, the ALJ's RFC findings are not based on substantial evidence. (*Id.*)

Plaintiff argues that the Appeals Council erred by failing to remand the ALJ's opinion to the ALJ to consider the opinion of Plaintiff's treating physician. (Doc. 8 at 8.) Plaintiff now requests that this Court remand the ALJ's opinion pursuant to sentence four of 42 U.S.C.S. § 405(g).

A treating physician's testimony is entitled to "substantial or considerable weight unless 'good cause' is shown to the contrary." *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotations omitted). The weight to be afforded a medical opinion regarding the nature and severity of a claimant's impairments depends, among other things, upon the examining and treating relationship the medical source had with the claimant, the evidence the medical

source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. § 404.1527(d). Furthermore, "good cause" exists for an ALJ to not give a treating physician's opinion substantial weight when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440); *see also Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding that "good cause" existed where the opinion was contradicted by other notations in the physician's own record). The ALJ must state with particularity the weight given to different medical opinions and the reasons therefore. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1997). Moreover, the ALJ must specify what weight is given to a treating physician's opinion, and any reason for giving it no weight. *Broughton v. Heckler,* 776 F. 2d 960, 961 (11th Cir. 1985); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982); *see also* 20 C.F.R. § 404.1527(d)(2)(requiring the agency to "give good reasons" for not giving weight to a treating physicians opinion).

      On December 12, 2006, Plaintiff saw Dr. Gordon Mitchell for a physical RFC assessment. (Tr. at 180.) Dr. Mitchell concluded that Ms. Frost had the capacity to

perform the full range of sedentary work as defined in 20 C.F.R. 404.1567(a). On February 23, 2009, Plaintiff saw her treating physician, Dr. Smith, for a PCE. (Tr. at 272.) Dr. Smith concluded that Frost could sit for a total of four hours in an eight-hour work day, and be on her feet for a total of four hours, with breaks to sit and stand as needed. (*Id.*) Dr. Smith also opined that Plaintiff could lift ten pounds occasionally, but that she should never bend or stoop. (*Id.*) Furthermore, Dr. Smith contends that Ms. Frost's pain is "present to such an extent as to be distracting to adequate performance of daily activities or work" and that physical activity "greatly increased pain to such a degree as to cause distraction from tasks or total abandonment of tasks." (Tr. at 273.) Therefore, as of February 2009, Dr. Smith was of the opinion that Ms. Frost could not perform the full range of sedentary work as defined in 20 C.F.R. 404.1567(a).

Although Plaintiff submitted Dr. Smith's 2009 PCE to both the ALJ and the Appeals Council, in his decision, the ALJ adopted the findings contained in the assessment by Dr. Mitchell. (Tr. at 13.) As part of his analysis, the ALJ refers to a 2008 visit with Dr. Smith where Ms. Frost declined to pursue surgical treatment. (Tr. at 222.) He also cites Ms. Frost's testimony in a November 2006 Physical Activities Questionnaire to justify his RFC determination. (Tr. at 105.) However, the only

reference to Dr. Smith's 2009 PCE is a single sentence that acknowledges that Dr. Smith encouraged Ms. Frost to continue exercising as a part of her treatment. (Tr. at 13.) This indicates that the evidence contained in Dr. Smith's 2009 PCE was available to the ALJ. However, the ALJ failed to discuss Dr. Smith's PCE in his opinion.

The ALJ's decision is based solely on the findings contained in Dr. Mitchell's 2006 assessment. Dr. Smith's 2009 evaluation is contrary to the ALJ's determination in his RFC assessment that the plaintiff has the capacity to perform the full range of sedentary work, yet the ALJ made no mention of the weight given to Dr. Smith's testimony. In fact, there is no evidence the latest PCE was even considered by the ALJ.

The ALJ did not state with particularity the consideration he gave to Dr. Smith's medical opinion. Without a clear explanation of the ALJ's treatment of Dr. Smith's opinion, this Court is unable to determine whether the ALJ's ultimate decision was rational and supported by substantial evidence.

IV. Conclusion

Because the ALJ failed to properly state what level of consideration he gave to Dr. Smith's medical opinion when assessing Ms. Frost's claim, the decision of the Commissioner should be reversed and remanded under sentence four of 42 U.S.C.

§ 405(g) for proceedings not inconsistent with this opinion. A separate order consistent with this opinion will be entered.

Done this 14th day of June 2012.

_____<br>
L. Scott Coogler<br>
United States District Judge<br>
167458